MRS. LINDA LASSITER, ADMINISTRATOR OF THE ESTATE OF ROBERT
THURMAN LASSITER, DECEASED, v. FLOYD JACKSON WILLIAMS, JR.

(Filed 12 January, 1968.)

1. **Automobiles § 17—**
   The violation of G.S. 20-146 and G.S. 20-148 requiring drivers of ve-
   hicles proceeding in opposite directions to stay on the right side of the
   highway in passing is negligence *per se,* and when an accident results as a
   proximate cause of the failure of one of the drivers to stay on his right
   side of the highway, such failure constitutes actionable negligence.

2. **Automobiles § 53—**
   In an action to recover damages for wrongful death resulting from a
   headon collision between two vehicles traveling in opposite directions, evi-
   dence that defendant's car came to rest entirely on plaintiff's intestate's
   side of the highway, that the two vehicles were locked together by force
   of the collision, that there was debris under and about each car, but that
   no skid marks from either car were visible, *is held* sufficient to support
   the inference that the defendant was traveling in the deceased's lane of
   travel when the collision occurred, and the issue of negligence was prop-
   erly submitted to the jury.

3. **Automobiles § 78—**
   In an action for damages for wrongful death resulting from a headon
   collision, the physical evidence was to the effect that defendant's car came
   to rest entirely in the deceased's lane of travel, and that deceased's ve-
   hicle extended partially across the center line into defendant's lane. *Held:*
   The evidence is insufficient to support a finding of contributory negligence
   on the part of the deceased as a matter of law.

4. **Negligence § 26—**
   Nonsuit on the ground of contributory negligence should be allowed
   only when the plaintiff's evidence, taken in the light most favorable to
   him, so clearly establishes this defense that no other reasonable inference
   or conclusion can be drawn therefrom.

APPEAL by defendant from *McKinnon, J.,* 20 March 1967 Civil
Session of ORANGE.

This is an action to recover damages for the wrongful death of
plaintiff's intestate, Robert Thurman Lassiter, and for property
damage.

Plaintiff's intestate died as a result of injuries sustained in a
collision between a 1962 Chevrolet automobile driven by him and a
1963 Plymouth automobile driven by the defendant. The collision
occurred about 12:30 a.m., 18 December 1963, on U. S. Highway
#15-501 between Pittsboro and Chapel Hill, in Chatham County.
Each driver was alone in his automobile and there were no other
known eye witnesses. Plaintiff's intestate was driving south toward
Pittsboro and defendant was driving north toward Chapel Hill.

Plaintiff alleged that defendant was negligent in driving his au-

tomobile in a careless and reckless manner, on the wrong side of the highway, at a high rate of speed, and while under the influence of alcoholic beverages. Defendant denied that he was negligent, pleaded negligence and contributory negligence on the part of plaintiff's intestate, and counterclaimed for personal injuries and property damage.

Plaintiff's case on the issue of negligence is based primarily upon the testimony of a State Highway Patrolman who investigated the accident. He testified substantially as follows: At the point where the collision occurred the highway is straight. Approximately 150 to 200 yards north of the point there is a curve in the highway. To the south of this point there is a knoll over which a car proceeding to the north would pass. The highway was dry. It was a cold and windy evening. The highway at the point of collision is 23 feet and 5 inches wide. When the witness arrived at the scene he found the two automobiles in the right-hand lane for south-bound traffic. Both drivers had been taken to the hospital. The defendant's vehicle was entirely on plaintiff's intestate's side of the highway, headed in a northeasterly direction, its right front wheel two feet to the driver's left of the center line and the right rear wheel five feet nine inches to the driver's left of the center line. The vehicle driven by plaintiff's intestate was headed south, parallel to the center line of the highway, approximately 6 to 8 inches to the driver's left of the center line. This estimate was as to the distance between the center line and inside of the left wheels of the Chevrolet.

The investigating patrolman further testified that he observed debris at the scene of the accident consisting of dirt and mud under each vehicle in the immediate vicinity of the sides, and shattered glass around the front of each vehicle. There were no visible skid marks from either vehicle. There were no skid marks through the debris. The front end of each vehicle was "smashed up very seriously." The Chevrolet was more damaged on the right front than the left front. "There were no tire marks of any sort or skid marks of any other kind whatsoever." The two vehicles appeared to be locked together at the front. A wrecker was hooked to each and after four or five attempts to "jerk" them apart, they broke loose. The witness went to the hospital after completing his investigation and saw plaintiff's intestate who was deceased at that time. He saw defendant several weeks after the accident and talked with him about it. Defendant told him that he had been to a Christmas party in Sanford, had a couple drinks of alcoholic beverage about dinner time, did not drink anything else, and did not remember anything about the accident.

Plaintiff offered the testimony of a deputy sheriff of Chatham

County who assisted in the investigation and report of the accident. His testimony corroborated the highway patrolman. He testified: "There was debris lying immediately under each wheel. There was mud under each wheel base, directly under. There was glass around the front of the automobiles. There were no visible skid marks at all and there were no other kinds of marks in the debris."

The mother of the deceased testified that the defendant visited her in January. Defendant told her that he did not remember anything about the accident. In response to a question from her, defendant stated that he had had a few drinks.

Defendant offered no evidence. His motion for judgment as of nonsuit was denied. Plaintiff's motion for judgment as of nonsuit as to the defendant's counterclaim was allowed. The jury answered the issues of negligence and contributory negligence in favor of the plaintiff and awarded damages. Defendant excepted to and assigned as error the refusal of the court to grant his motion for judgment of nonsuit.

*Maupin, Taylor & Ellis by Frank W. Bullock, Jr., for defendant appellant.*

*Cooper and Winston by Robert E. Cooper for plaintiff appellee.*

PARKER, C.J. The sole assignment of error is to the failure of the court below to allow defendant's motion for judgment of nonsuit. Thus, the first question is whether there was sufficient evidence of negligence on the part of the defendant to go to the jury. The pleadings establish the fact that defendant was driving his automobile north toward Chapel Hill at the time and place alleged.

Plaintiff alleged that defendant was negligent, *inter alia*, in driving on the wrong side of the highway. G.S. 20-146 and G.S. 20-148, insofar as they apply to the facts of this case, require motor vehicle operators to drive upon the right half of the highway and to give to drivers of vehicles proceeding in the opposite direction one-half of the main-traveled portion of the highway. "A violation of either of these statutes is negligence *per se*, and, when the proximate cause of injury, constitutes actionable negligence." *Anderson v. Webb,* 267 N.C. 745, 148 S.E. 2d 846. See *McGinnis v. Robinson,* 258 N.C. 264, 128 S.E. 2d 608; *Bondurant v. Mastin,* 252 N.C. 190, 113 S.E. 2d 292; *Wallace v. Longest,* 226 N.C. 161, 37 S.E. 2d 112.

"When a plaintiff suing to recover damages for injuries sustained in a collision offers evidence tending to show that the collision occurred when the defendant was driving to his left of the center of the highway, such evidences makes out a *prima facie* case of actionable negligence." *Anderson v. Webb, supra.*

Evidence that defendant was driving to his left of the center of the highway when this collision occurred is circumstantial, *i.e.*, based on testimony as to the physical facts at the scene. Such evidence may be sufficiently strong to infer negligence and take the case to the jury. *Barefoot v. Joyner,* 270 N.C. 388, 154 S.E. 2d 543; *Anderson v. Webb, supra; Trust Co. v. Snowden,* 267 N.C. 749, 148 S.E. 2d 833; *Yates v. Chappell,* 263 N.C. 461, 139 S.E. 2d 728; *Randall v. Rogers,* 262 N.C. 544, 138 S.E. 2d 248; *Lane v. Dorney,* 252 N.C. 90, 113 S.E. 2d 33; *Etheridge v. Etheridge,* 222 N.C. 616, 24 S.E. 2d 477.

The evidence must be considered in the light most favorable to plaintiff in passing upon a motion to nonsuit. 4 Strong, N. C. Index, Trial, § 21; *Thames v. Teer Co.,* 267 N.C. 565, 148 S.E. 2d 527. When so considered, the evidence here, *i.e.*, the location of the vehicles locked together on the highway, the impact area on the vehicles, the debris on the highway under them, the absence of any tire or skid or other marks either in or outside the debris, is sufficient to support the inference that the collision occurred substantially where the vehicles were found and therefore that defendant was driving approximately in the center of deceased's lane of travel when the collision occurred. Therefore, the evidence was sufficient to go to the jury. *Anderson v. Webb, supra.*

There remains the question of whether nonsuit should have been allowed on the basis of contributory negligence of deceased. The evidence indicates that plaintiff's intestate's vehicle was partially across the center line when the vehicles came to rest locked together at the front with the Chevrolet being more damaged on the right front than the left front. Although this would support an inference of negligence in driving on the wrong side of the highway, there are other equally valid inferences consistent with absence of negligence on the part of the deceased. The force of the impact which was primarily on the right front of deceased's vehicle could have knocked his vehicle across the center line. Deceased may have been taking evasive action such as a person of ordinary prudence would have taken under similar circumstances to avoid a collision, as the law requires a driver to do. *Forgy v. Schwartz,* 262 N.C. 185, 136 S.E. 2d 668; *Henderson v. Henderson,* 239 N.C. 487, 80 S.E. 2d 383.

"Nonsuit on the ground of contributory negligence should be allowed only when the plaintiff's evidence, taken in the light most favorable to him, so clearly establishes this defense that no other reasonable inference or conclusion can be drawn therefrom." *Barefoot v. Joyner, supra; Thames v. Teer Co., supra.* The court ruled correctly in denying defendant's motion for judgment as of nonsuit. The judgment below is

Affirmed.