WILSON v. LEE.

LAWRENCE H. WILSON v. WALTER YATES LEE AND PAULINE
ANDERSON SHIFLETT.

(Filed 20 March 1968.)

**1. Trial § 21—**

On motion to nonsuit, the evidence must be considered in the light most favorable to plaintiff.

**2. Negligence § 24a—**

Negligence is not presumed from the mere fact of injury.

**3. Automobiles § 10—**

A mere temporary or momentary stoppage on the highway without intent to break the continuity of travel is not parking or standing within the purview of G.S. 20-161.

**4. Automobiles § 55—**

Evidence that plaintiff was driving within the speed limit on a dual lane highway in the early morning and that as he emerged from a patch of fog he saw defendant's car straddling his lane of travel 50 to 75 feet ahead, and that a collision resulted, *is held* insufficient to be submitted to the jury on the issue of defendant's negligence in the absence of evidence showing the circumstances under which defendant's car got in that position or how long it had been there.

THIS is an appeal by the plaintiff from *Braswell, J.,* at the Regular October 1967 Civil Session, JOHNSTON Superior Court.

The plaintiff sued for damages for personal injuries sustained by him and damages to his automobile growing out of a collision between plaintiff's 1963 Pontiac automobile, driven by the plaintiff, and a 1964 Ford automobile owned by the defendant Shiflett and driven by the defendant Lee.

At the close of the plaintiff's evidence, the defendant made a motion for judgment of involuntary nonsuit and same was allowed.

*George R. Kornegay, Jr., for plaintiff appellant.*
*Spence and Mast by George B. Mast for defendant appellees.*

CAMPBELL, J.  The wreck occurred about 5:15 o'clock a.m. on August 4, 1965, on U. S. Highway #701 Bypass near its intersection with U. S. Highway #701 approximately one mile north of the city limits of Whiteville, Columbus County.

State Highway Patrolman, F. D. McLean, testified on behalf of the plaintiff as to what he had observed when called to the scene for investigation. He testified that he found debris on the highway in the right-hand lane as one proceeded north. "Upon arriving at the scene I found Walter Yates Lee (the defendant) and he told me he

was driving the 1964 Ford north on U. S. Highway #701 Bypass before the accident. Lee told me he did not know what happened. I did not see Lawrence H. Wilson (the plaintiff) at the scene of the accident. * * * It was foggy on the morning of the wreck, but I cannot describe the fog. The speed limit along U. S. Highway #701 Bypass is 55 miles per hour. The best I can remember, the 1964 Ford was damaged right bad all the way down the right side and the front of the 1963 Pontiac was damaged right bad. Mr. Lee said that he did not know what happened, that the car hit him from the rear. When I talked to Lawrence Wilson at the hospital, he told me he was going north and he was involved in a wreck with Mr. Lee. I could not find out from Walter Yates Lee or Lawrence Wilson what happened. There was no damage to the front of the 1964 Ford."

The only other evidence introduced by the plaintiff as to the automobile collision itself was the testimony of the plaintiff who testified:

"I was traveling north on U. S. Highway #701 Bypass at a speed of 45 to 50 to 55 miles per hour. I did not have my lights on and visibility was good for three, four or five hundred feet. It was foggy, but it was in sheets, not just a blanket fog. When I was approximately 100 feet from where the wreck occurred, I saw a patch of fog. When I saw the fog, I took my foot off of the accelerator and slowed down. The fog was just a blanket-like cloud and I could not see through the fog. I was in the fog just momentarily. When I came out of the fog, I could see the defendant's 1964 Ford in front of me about 50 feet or 75 feet at the most, crossways the road in my lane of travel. I attempted to put on my brakes but the impact occurred before I did. The 1964 Ford was in the right lane going north. The right front of my car struck the right side of the 1964 Ford. I would say my right headlight hit the post of the 1964 Ford which was four-door car. The post would be about the middle of the right side of the car. The wreck occurred between 5:15 and 5:30 o'clock in the morning. The defendant's car was in the right-hand lane going north. The next thing I remembered was being in the hospital in Columbus County."

Based upon this testimony the plaintiff relies upon a violation of G.S. 20-161 claiming that this evidence establishes a violation of that particular statute and that the evidence establishes that the 1964 Ford was "parked" or "left standing" on the highway.

The evidence must be considered in the light most favorable to the plaintiff in passing upon a motion to nonsuit. *Lassiter v. Williams,* 272 N.C. 473, 476, 158 S.E. 2d 593 (1967).

WILSON v. LEE.

"Negligence is not presumed from the mere fact of injury."
*Hubbard v. Oil Co.,* 268 N.C. 489, 151 S.E. 2d 71 (1966).

> "It is also true that negligence need not be established by direct
> and positive evidence, but may be established by circumstantial
> evidence, either alone or in combination with direct evidence.
> * * * 'A basic requirement of circumstantial evidence is a
> reasonable inference from established facts. Inference may not
> be based on inference. Every inference must stand upon some
> clear and direct evidence, and not upon some other inference or
> presumption.' * * * The plaintiff, to carry her case to the
> jury against defendant on the ground of actionable negligence,
> must offer evidence sufficient to take the case out of the realm
> of conjecture and into the field of legitimate inference from
> established facts. * * * The doctrine of *res ipsa loquitur* is
> not applicable upon a mere showing of the wreck of an auto-
> mobile on the highway." *Crisp v. Medlin,* 264 N.C. 314, 317, 141
> S.E. 2d 609 (1965). *cf. Clark v. Scheld,* 253 N.C. 732, 117 S.E.
> 2d 838 (1960).

The evidence in the instant case fails to show under what cir-
cumstances the defendant's 1964 Ford got "crossways across the
road" in the plaintiff's lane of travel or how long it had been in that
location. A mere temporary or momentary stoppage on the highway
when there is no intent to break the continuity of the travel is not
"parking" or "leave standing" as used in the statute. *Faison v.
Trucking Co.,* 266 N.C. 383, 390, 146 S.E. 2d 450 (1965).

As stated by Brogden, J., in *Grimes v. Coach Co.,* 203 N.C. 605,
609, 166 S.E. 599 (1932): "In the present case, deductions, infer-
ences, theories and hypotheses rise and run with the shifting turns
of interpretation, but proof of negligence must rest upon a more
solid foundation than bare conjecture."

Therefore, the Court is of the opinion that the ruling of the trial
judge was correct.

Affirmed.

MORRIS and PARKER, JJ., concur.