MARY BETH RAMSEY v. BRENDA DAVIS CHRISTIE

No. 7327SC545

(Filed 22 August 1973)

Automobiles § 53— sudden stop — skidding across center lane — negligence — jury question

In this action for damages resulting from an automobile collision, defendant's evidence did not establish her negligence as a matter of law but presented a question for the jury as to whether defendant exercised the same degree of care which a reasonably prudent person would have exercised under the circumstances confronting her where her evidence tended to show that she was driving in the northbound lane of a two-lane highway at about 30 mph, that immedi-

ately before the collision two northbound cars passed defendant's car, that two hitchhikers were on the side of the road, that the front car in the northbound lane stopped suddenly, causing the driver of the second car also to stop suddenly, and that defendant applied her brakes and skidded partially across the center line into the southbound lane where she came to a complete stop just before colliding with plaintiff's oncoming southbound car.

APPEAL by plaintiff from *McLean, Judge,* 12 February 1973 Session of Superior Court held in GASTON County.

Civil action in which plaintiff seeks recovery of damages for personal injuries and property damages resulting from a collision between automobiles operated by plaintiff and defendant. The collision occurred at approximately 1:30 p.m. on 10 July 1971 on N. C. Highway 274 at a point shortly south of Gastonia, N. C. At that point Highway 274 is a two-lane highway, with one lane for northbound and one lane for southbound traffic, the two lanes being separated by a broken white center line. The highway was straight and approximately level, the weather was clear, and the road was dry. The posted speed limit was fifty-five miles per hour. The collision occurred when defendant's northbound automobile partially crossed over the center line and struck, or was struck by, plaintiff's southbound vehicle.

Plaintiff testified that the collision occurred under the following circumstances: Plaintiff was driving south in the southbound lane at approximately thirty-five miles per hour. As she approached the scene of the accident, she saw three cars stopped straight in the northbound lane of the road. She thought a license check was in progress. When she reached the stopped cars, defendant's car, which was the third or rear car facing plaintiff in the northbound lane, suddenly pulled out into the southbound lane. In so doing, the left front of defendant's car struck the left front and left side of plaintiff's vehicle, damaging it and causing plaintiff's personal injuries.

Defendant offered evidence to show that the collision occurred under the following circumstances: Defendant was driving north in the northbound lane at about thirty miles per hour with her three-year-old daughter as a passenger in the front seat. Immediately prior to the collision two northbound cars, traveling approximately twenty miles per hour faster than defendant's car, passed defendant's car. Two hitchhikers were on the side of the road. The front car in the northbound lane stopped suddenly,

causing the driver of the second car also to apply brakes and stop suddenly. Defendant, at that time the third car in line, also applied her brakes and brought her car to a stop within a few feet of but without striking the vehicle immediately in front of her. In so doing, however, defendant's car skidded partially across the center line into the southbound lane, coming to a complete stop "just a matter of seconds before the collision" with plaintiff's oncoming southbound car.

The jury answered the issue of negligence in defendant's favor. From judgment on the verdict dismissing her action, plaintiff appealed.

*Frank Patton Cooke and James R. Carpenter for plaintiff appellant.*

*Hollowell, Stott & Hollowell by L. B. Hollowell, Jr., for defendant appellee.*

PARKER, Judge.

Plaintiff assigns error to denial of her motions for a directed verdict and for judgment notwithstanding the verdict on the issue of defendant's negligence. In this we find no error. Contrary to plaintiff's contention, defendant's evidence did not establish her negligence as a matter of law but presented a question for the jury as to whether defendant exercised the same degree of care which a reasonably prudent person would have exercised under the circumstances confronting her. Plaintiff's right to recover in this case depended upon the jury accepting as credible her testimony as to the events causing the collision. Plaintiff had the burden of proving defendant's negligence. There was no error in denying her motions. *Cutts v. Casey,* 278 N.C. 390, 180 S.E. 2d 297.

Plaintiff's remaining assignments of error are primarily directed to portions of the court's charge to the jury. Considered contextually and as a whole the charge was free from prejudicial error. The court expressed no opinion as to which of the sharply conflicting versions of the events leading to the collision was proved, but left this for the jury to determine after correctly declaring and explaining the law arising on the conflicting evidence given in the case. From their verdict it is apparent that the jury determined that the defendant's rather than plaintiff's version was established by the evidence.

In the trial and judgment appealed from, we find

No error.

Judges CAMPBELL and MORRIS concur.