CLARENCE THOMAS BREWER v. CHRISTOPHER W. MAJORS AND ORVLE EUGENE FERRELL

No. 7915SC1178

(Filed 5 August 1980)

Automobiles § 60– skid on ice – negligence in being on wrong side of road – jury question

Evidence tending to show that defendant's vehicle approached a curve in the road, slid sideways, and struck plaintiff's oncoming car on plaintiff's side of the road, and a stipulation by the parties that defendant's automobile slid on ice on the highway, did not show as a matter of law that defendant driver was on the wrong side of the road from a cause other than his own negligence.

APPEAL by plaintiff from *Battle, Judge.* Judgment entered 6 August 1979 in Superior Court, CHATHAM County. Heard in the Court of Appeals 21 May 1980.

Plaintiff brought this civil action to recover damages alleged to have been caused by the negligence of defendant Majors in the operation of defendant Ferrell's automobile. The action was tried before a jury. At trial, plaintiff presented the testimony of a bus driver who came upon the scene of the accident soon after the collision, the plaintiff, the plaintiff's physician, and a portion of defendant Majors' deposition. At the close of plaintiff's evidence, defendants' motion for a directed verdict was granted by the trial court. From this judgment, plaintiff has appealed.

*Blanchard, Tucker, Twiggs & Denson, by Charles F. Blanchard, for plaintiff appellant.*

*Perry C. Henson and J. Victor Bowman for defendant appellees.*

WELLS, Judge.

Plaintiff's evidence tended to show that on the morning of 14 January 1977 plaintiff was traveling in a northerly direction on State Highway 49 between Burlington and Liberty in Alamance County in his 1975 Volkswagen automobile. Defendant Majors was traveling along this road in a southerly direction in a 1970 Oldsmobile owned by defendant Ferrell. The weather was cold and misty causing patches of ice to form on the highway, and it was dark. Immediately prior to the accident, defendant Majors observed plaintiff's vehicle in the proper lane of travel. The front end of plaintiff's car appeared to Majors to be moving toward the center line of the road, but Majors could not say that plaintiff's vehicle crossed over the center line. The vehicle being driven by Majors approached a curve in the road and slid sideways striking plaintiff's oncoming car. The left side of defendants' vehicle was damaged, as was the front of plaintiff's automobile. The parties stipulated as to the ownership of the vehicles involved in the collision, that Majors had Ferrell's permission to drive his automobile at the time of the collision,

that the collision occurred on a curve, and that the automobile being operated by Majors slid on ice on the highway.

On a motion for directed verdict at the close of the plaintiff's evidence in a jury case, the evidence must be taken as true and considered in the light most favorable to plaintiff, and the motion may be granted only if, as a matter of law, the evidence is insufficient to justify a verdict for the plaintiff. All the evidence which tends to support plaintiff's claim must be taken as true and viewed in the light most favorable to him, giving him the benefit of every reasonable inference which may legitimately be drawn therefrom. *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897 (1974); *accord, Home Products Corp. v. Motor Freight, Inc.*, 46 N.C. App. 276, 264 S.E. 2d 774 (1980).

Viewed in this light, we believe that plaintiff's evidence clearly permits the inference that defendant's car moved into the path of plaintiff's vehicle and that the collision occurred on plaintiff's side of the road. Considered alone, these facts present a *prima facie* case of actionable negligence which is sufficient to take the case to the jury. *See, Lassiter v. Williams*, 272 N.C. 473, 158 S.E. 2d 593 (1968); *Reeves v. Hill*, 272 N.C. 352, 158 S.E. 2d 529 (1968); *Anderson v. Webb*, 267 N.C. 745, 148 S.E. 2d 846 (1966); *Wallace v. Longest*, 226 N.C. 161, 37 S.E. 2d 112 (1946). Defendant, however, may rebut the inference of negligence in such cases by showing that he was on the wrong side of the road from a cause other than his own negligence. *Insurance Co. v. Chantos*, 298 N.C. 246, 258 S.E. 2d 334 (1979); *Anderson v. Webb, supra; Smith v. Kilburn*, 13 N.C. App. 449, 186 S.E. 2d 214 (1972), *cert. denied*, 281 N.C. 155, 187 S.E. 2d 586 (1972).

In *Chantos* it was stipulated that defendant was in the wrong lane, but at trial, defendant testified that he was there due to skidding on water. The Court held that the burden rested on defendant to show that he was in the wrong lane from a cause other than his own negligence. The evidence of skidding presented a jury question on this issue. In the case *sub judice*, defendants argue that plaintiff's stipulation that defendant's car skidded on the ice conclusively established that if defendant Majors was in the wrong lane, he was there from a cause other than his own negligence. We do not agree. The stipulation that

defendants' vehicle skidded on ice, while binding on plaintiff, does not conclusively resolve the issue as to whether accidental skidding was the sole cause of Majors' presence in the wrong lane.

As we understand *Chantos* and *Anderson,* the question to be resolved by the jury is not simply whether defendants' car skidded, but whether defendant Majors was in the wrong lane, and if so, whether he was there through no fault of his own. It cannot be said that the skidding of the defendants' vehicle immediately preceding the collision establishes a lack of any negligence on Majors' part, as a matter of law. It was not only Majors' duty to drive in the right-hand lane, but it was also his duty to keep his vehicle under proper control so as to avoid injury to others.

> When the condition of the road is such that skidding may be reasonably anticipated, the driver of a vehicle must exercise care commensurate with the danger, to keep the vehicle under control so as not to cause injury to another automobile, or an occupant thereof, on the highway by skidding into it. And the skidding of an automobile may be evidence of negligence, if it appears that it was caused by a failure to exercise reasonable precaution to avoid it, when the condition at the time made such result probable in the absence of such precaution. *Wise v. Lodge,* 247 N.C. 250, 100 S.E. 2d 677. An unavoidable accident, as understood in the law of torts, can occur only in the absence of causal negligence. *Baxley v. Cavenaugh,* 243 N.C. 677, 92 S.E. 2d 68.

*Hardee v. York,* 262 N.C. 237, 242, 136 S.E. 2d 582, 587 (1964). *See also, Mattingly v. R.R.,* 253 N.C. 746, 117 S.E. 2d 844 (1961).

On the motion of a defendant for a directed verdict the evidence must be interpreted most favorably to plaintiff, and if it is of such character that reasonable men may form divergent opinions of its import, the issue is for the jury. *Insurance Co. v. Cleaners,* 285 N.C. 583, 206 S.E. 2d 210 (1974). Such is the case here, and the judgment of the trial court must therefore be reversed.

Reversed and remanded.

Judges WEBB and MARTIN (Harry C.) concur.